PARKETON *et al.*, *Appellants*, v. SCHLUETER *et al.*

Division Two, June 14, 1898.

**Deed of Trust**: SETTING ASIDE SALE: AGREEMENT TO RECONVEY: CONSIDERATION. A suit to set aside a sale under a deed of trust on the ground that the beneficiary thereof agreed with the maker prior to the sale that he would bid the land in at the trustee's sale, and permit him to redeem in a few days thereafter, on payment of the debt and costs, if no consideration is mentioned in the petition for the agreement, and none proven and no fraud is shown, will be dismissed.

*Appeal from Cape Girardeau Circuit Court.*—HON. HENRY C. RILEY, Judge.

AFFIRMED.

*Wilson Cramer* and *T. D. Hines* for appellants.

(1) A court of chancery has power to set aside a trustee's sale under a deed of trust and permit the

mortgagor to redeem where the conduct of the creditor toward the debtor is fraudulent, and this is true, although the land has been sold to another party, if the other party had knowledge of such fraud before paying the consideration. *Stine v. Wilkinson*, 10 Mo. 94; *Dover v. Kennerly*, 38 Mo. 469; *Medsker v. Swaney*, 45 Mo. 278; Jones on Mort. [2 Ed.], sec. 1680. (2) Byrd, the purchaser from Schlueter, had sufficient notice. *Aubuchon v. Bender*, 44 Mo. 560; *Paul v. Fulton*, 25 Mo. 162; *Bishop v. Schneider*, 46 Mo. 472.

SHERWOOD, J.—The plaintiffs, who had conveyed a certain tract of land by deed of trust, sought to set aside a sale made under such deed, after default made in the payment of the note and interest secured thereby, the beneficiary under the deed being the purchaser, and also to set aside a deed made by the beneficiary to a third person who, it is alleged, was a purchaser with notice. The ground for setting aside the deed to the beneficiary is that the beneficiary agreed with Parketon prior to the sale, that he would bid the land in at the trustee's sale, take a deed therefor, and then let Parketon redeem the land in a few days thereafter, upon payment of balance due on the note, expenses of sale, etc.

There was no consideration mentioned in the petition for such an agreement, nor was there any proven, nor was there any such agreement established between Parketon and Schlueter in the opinion of the lower court; nor was there any fraud shown. Taking these things as true, it becomes unnecessary to discuss whether Byrd purchased with notice from Schlueter or not. The circuit court very properly found the issues for the defendants, and the decree which dismissed the petition is hereby affirmed. All concur.